UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD JOSEPH #307539** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-0728** |
| **BURL CAIN** | **SECTION: "S" (3)** |

### ORDER

The court has considered the petition, the record, the applicable law, the report and recommendation of the magistrate judge, and Gerald Joseph's objections to the magistrate judge's report.  Joseph's objections to the magistrate judge's report regarding the multiple offender status and the Fourth Amendment claim are **OVERRULED**.  The court approves the report and recommendation of the magistrate judge and adopts it as its opinion as discussed in this order.

**IT IS HEREBY ORDERED** that the Gerald Joseph's application for federal *habeas corpus* relief, pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.  (Document #2.)

### I.  BACKGROUND

On October 29, 1998, a jury in Criminal District Court for the Parish of Orleans found

Gerald Joseph guilty of armed robbery, in violation of La. Rev. Stat. 14:64.[1]  St. R., Vol I.  On June 24, 1999, the trial court sentenced Joseph, as a multiple offender, to 25 years in prison without benefit of parole, probation, or suspension of sentence.  St. R. Vol. I.  The Louisiana Fourth Circuit Court of Appeal affirmed the conviction on December 5, 2001,[2] and the Supreme Court of Louisiana denied a writ of certiorari and/or review on January 31, 2003.  St. R. Vol. II.

Joseph filed a state application for post-conviction relief on August 5, 2003, which was denied on August 18, 2003.[3]  Doc. #2, memorandum at 2.  The Louisiana Fourth Circuit Court of Appeal denied relief on October 31, 2003, and the Supreme Court of Louisiana denied writs on December 10, 2004.  St. R. Vol. II.[4]

On February 28, 2005, Joseph filed a federal application for *habeas corpus* relief, pursuant to 28 U.S.C. § 2254, asserting that he was deprived of his Sixth Amendment right of effective assistance of counsel.  The magistrate judge determined that the application was timely and addressed Joseph's Sixth Amendment claims.

---

[1]  The underlying facts, as summarized by the Louisiana Fourth Circuit Court of Appeal, are found in the magistrate judge's report and recommendation and are not repeated here, except as required for the discussion.

[2]  On appeal, Joseph raised claims that the evidence was insufficient to support the verdict, and counsel was ineffective at trial for failure to move for a mistrial when, during voir dire, the prosecutor stated that the jury would hear the defendant tell his "story," which constituted an impermissible comment on Joseph's failure to testify.

[3]  Joseph alleged that he was deprived of effective assistance of counsel because counsel failed to shift the burden to the State to establish that he was a multiple offender and to raise a Fourth Amendment violation in pretrial motions.  Document #2, memorandum.

[4]  All three state courts did not provide written reasons for the denial of post-conviction relief.

The magistrate judge recommended that the court dismiss with prejudice Joseph's *habeas corpus* petition because he failed to demonstrate that the state court's decisions regarding his ineffective assistance of counsel claims were contrary to or involved an unreasonable application of clearly established federal law. Joseph filed objections to the magistrate judge's report and recommendation.

## II. DISCUSSION

Section 104(3) of the Anti-Terrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C.§ 2254(d), provides the standards for collateral federal review of state court convictions as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Joseph's objections concern the magistrate judge's recommendation that the state courts's application of clearly established law concerning his Sixth Amendment rights was objectively reasonable under § 2254(d)(1). To support his claims of ineffective assistance of counsel, Joseph must prove two components: 1) that his counsel made errors that were so

serious that they deprived him of his Sixth Amendment guarantee to effective assistance of counsel and 2) that the deficient performance prejudiced his defense.  Strickland v. Washington, 104 S. Ct. 2052 (1984).  "An insufficient showing of prejudice pretermits addressing the adequacy prong."  United States v. Pierce, 959 F.2d 1297, 1302 (5th Cir. 1992).

**A. Multiple offender status**

Joseph first argues that counsel was ineffective at the multiple offender proceeding on June 24, 1999 because he failed to challenge a 1991 guilty-plea conviction in Orleans Parish Criminal District Court for possession of a stolen automobile on grounds that the plea was not knowing and voluntary.  Joseph contends that he advised counsel of irregularities in the waiver of rights form because, although he signed the bottom of the form, he did not sign the top of the form or initial each of the waived rights.  He argues that if counsel had verified his claims with a handwriting expert and objected to the sufficiency of the waiver of rights form, the burden to show that he waived his rights would have shifted to the State.

The magistrate judge determined that Joseph was not prejudiced by counsel's failure to require the State to produce proof of a knowing and voluntary guilty plea.  The magistrate judge relies on the transcript of the 1991 plea colloquy, which reflects that Joseph was advised of the rights he was waiving by pleading guilty and that he acknowledged that he understood his rights to trial by jury, to appeal, to confront and cross-examine his accusers, to call witnesses, and not to incriminate himself or be compelled to testify at trial.

Joseph objects to the magistrate judge's recommendation on grounds that the 1991 colloquy was not introduced at his multiple offender hearing and that it "would be fundamentally

4

unfair to use the 1991 colloquy to validate the prior conviction." Joseph argues that the only evidence "which tends to show that the guilty plea in question was informed and voluntary" is the minute entry and waiver of rights form, which is not properly executed.

Prior to sentencing for the armed robbery conviction, the sentencing judge held a "Multiple Bill Hearing" at which the State presented evidence to prove that the defendant in the 1991 conviction was the same Gerald Joseph. St. R., Vol. I, Hearing Transcript. The court sustained Joseph's objection to the State's fingerprint expert's testimony that Joseph's fingerprints were the same as the defendant in the 1991. Id. at 7. However, based on other documentary evidence presented by the State,[5] the sentencing court found that it was the same

---

[5] The additional documentary evidence is not identified. However, Joseph indicates in his objections to the magistrate judge's report and recommendation that the evidence was the minute entry and the waiver-of-rights form.

The "Waiver of Constitutional Rights/Pleas of Guilty" form was executed on October 31, 1991 in Orleans Parish Criminal District Court in case No. 352-452. St. R., Vol. I. The form indicates that Joseph was informed of the charges against him and includes the safeguards for a knowing and voluntary plea guaranteed under Boykin v. Alabama, 89 S.Ct. 1709 (1969). The initials "GJ" acknowledge that each admonition was given, and the form is signed at the bottom by the presiding judge, Joseph, and Joseph's attorney. Even if the court accepts as true Joseph's contention that he did not initial each of the admonitions that he was waiving his rights, Joseph does not contest that he signed the form after being informed of his rights.

A minute entry for October 31,1991 states:
> Defendant Joseph appeared, attended by counsel, Kendall Green, Esq., OIDP, for hearing on pleadings. Defendant, through counsel, withdrew all former pleas and entered a plea of guilty as charged. Defendant sentenced to serve: three (3) years in the custody of the Louisiana Department of Corrections, with credit for time served, suspended. Defendant placed on three (3) years active probation, special conditions: serve sixty (60) days in the parish prison with credit for time served, make restitution in amount determined by probation department and pay $111.50 court cost, $50.00 ITF, $250.00 JEF. Defendant's age found to be 17, Born 8-20-74 in LA.

St. R., Vol. I.

Gerald Joseph, and sentenced him as a multiple offender.  Id. at 7-14.

Joseph is correct that counsel did not offer the transcript of the "Plea of Guilty and Sentencing Held on October 31, 1991" into evidence at the multiple bill hearing.[6]  However, there was no error in the magistrate judge's consideration of the transcript in this § 2254 proceeding.  The 1991 transcript is properly before this court to consider Joseph's claim that counsel was ineffective in failing to challenge the 1991 conviction on grounds that the plea was not knowing and voluntary.

The transcript indicates that Joseph acknowledged that he understood the charges against him.  St. R., Vol. I, Guilty plea transcript.  The trial court informed Joseph that he had a right to a trial by a jury, or by a judge if he waived the right to a jury trial, and a right to an appeal if he was convicted.  Id. at 3.  Joseph answered "yes" when asked if he understood that he was waiving those rights and if he was satisfied to give up the rights.  Id.  The trial court asked Joseph if he understood the facts of his case, the applicable law, and the possibility that he would receive a sentence of ten years, and Joseph replied that he did.  Id. at 4.  Joseph was advised that, by pleading guilty, he was waiving his right to confront and cross examine his accusers, his right to compulsory process to have the court subpoena witnesses and require that they appear to testify, and the privilege against self-incrimination.  Id. at 4-5.  Joseph stated that he had not been forced, threatened or intimidated to plead guilty and that he was satisfied with his attorney

---

[6] On direct appeal, Joseph filed a motion to file a brief to supplement his attorney's brief and supporting documents.  Among the documents Joseph requested was a transcript of the 1991 guilty plea hearing.  The Louisiana Fourth Circuit Court of Appeal denied the motion as to the 1991 transcript because it had not been submitted into evidence and was not a part of the record.  St. R., Vol. I.

and how he had handled his case.  Id. at 5.  The trial court accepted the guilty plea as having been knowingly and voluntarily entered.  Id. at 6.

The transcript establishes that Joseph entered a plea of guilty to the 1991 offense knowingly and voluntarily.  Therefore, Joseph has not shown that the result would have been different if counsel had challenged the validity of the 1991 guilty plea.  Accordingly, the objection to the magistrate judge's report and recommendation is overruled.

**B. Unlawful arrest**

In his second claim that counsel was ineffective, Joseph asserts that counsel failed to litigate pretrial motions concerning Fourth Amendment violations on his behalf.  He argues that the officers lacked probable cause to arrest him on a Regional Transit Authority (RTA) bus because they did not see him get on the bus and did not know that he was on the bus.  Further, Joseph argues that counsel did not challenge the State's use of false testimony to support a finding of probable cause to arrest, in violation of Napue v. Illinois, 79 S.Ct. 1173 (1959).  Joseph contends that if counsel had established that the arrest was unlawful, identification testimony and physical evidence of his clothing would not have been admissible at trial.

The magistrate judge construed the claim as being based on Officer Laroche's testimony at a pretrial hearing concerning how the police came to apprehend Joseph on the bus.  Officer Laroche testified:

> [W]e got a call that there were two subjects in the bushes matching the description that I had given to the other officers.  They were ducking in and out of the bushes as though they were looking for something.  Well, when the RTA bus passed on Lake Forest, they ran from the bushes to the bus.  The informant that called about the information being suspicious to him advised the police of that.

> We, ah–well, not "we."  Other officers stopped the bus at Lake Forest and
> Crowder and apprehended the both subjects with the clothing description that
> they were still wearing the same clothes.

St. R., Vol I, transcript May 8, 1998 at 15.  Joseph argues that police records indicate there was no telephone call to report suspicious activity and that a woman flagged down officers and reported the suspicious activity.

The magistrate judge determined that the discrepancy in how Joseph's movements were reported, whether by a man or a woman or whether by telephone or in person, is of no consequence.  The police received information from a private citizen that two men were acting suspiciously and had boarded a bus.  The police officers boarded the bus and found two men matching the description of the men who ran away from the stolen vehicle.  The magistrate judge concluded that Joseph did not explain how these actions form the basis of an illegal search and seizure in violation of the Fourth Amendment, and that the magistrate judge could find no basis for the claim.  Therefore, Joseph failed to show deficient performance or prejudice for counsel's failure to pursue a Fourth Amendment claim.

In his objection to the magistrate judge's recommendation, Joseph contends that "[i]nformation from an unknown caller or a citizen flagging police down is insufficient to establish probable cause because there's no information to suggest that the person who provided police with this information was reliable, or had inside knowledge of criminal activity."

"Probable cause for a warrantless arrest exists when the totality of the facts and circumstances within an officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed an offense."  United States v.

Hebert, 131 F.3d 514, 524 (5th Cir. 1997).  The Louisiana Fourth Circuit Court of Appeal related

the following facts concerning the pursuit of Joseph and Elmeco Burnes:

> Officer Octave Laroche, assigned to Highway Enforcement with the New Orleans Police Department, testified at trial that he received a call on his radio that a car jacking had just occurred in the vicinity that he was patrolling.  Officer Laroche proceeded to the north-side service road at I-10 and Bullard Road.  As he traveled eastbound on the service road, he observed a purple Honda Accord traveling toward him.  The officer angled his vehicle so as to block the oncoming vehicle.  The Accord, occupied by two subjects at this time, briefly stopped immediately adjacent to Officer Laroche's vehicle and then sped off.  The officer pursued the vehicle underneath the interstate until the subjects bailed out of the car and fled on foot towards Humana Hospital.  Officer Laroche maintained visual contact as long as he could, giving other units a description and the direction of flight of both subjects.  Officer Laroche also testified that the description provided relative to the driver was of a dark skinned African-American male with a medium type Afro, with a small diamond earring and a chain around his neck, wearing a dark shirt with a prominent emblem on the back.  The passenger was described as being lighter skinned than the driver, having thick plaits in his hair, and wearing camouflage pants and shirt.  Officer Laroche further testified that he was able to observe both subjects' faces when the vehicle was immediately adjacent to his, as the two vehicles were nearly touching.
> . . . .
> Allen Galland, a bus driver for the Regional Transit Authority, testified at trial that at approximately 4:30 p.m. he was approaching Stillwater Street and Lake Forest Boulevard when he observed a young man peeking out from the corner of a residence.  The subject, later identified by Mr. Galland as Joseph, then ran and flagged the bus down.  The subject boarded the bus, paid the fare and sat down.  As he did, another young man came out of the bushes from the neutral ground and boarded the bus.  He was wearing camouflage pants and holding a camouflage pants and holding a camouflage shirt.  He also had what the bus driver described as cornrows in his hair. . . .  When the bus was at Crowder and Lake Forest Boulevard, the police stopped the bus and apprehended Joseph and his accomplice, Burnes. . . .
> After being apprehended on the bus, Joseph and Burnes were returned to Officer Laroche's location, where Officer Laroche positively identified each of them as the two who fled from the stolen Honda.  Officer Laroche informed the assisting officers that Joseph, who was now attired in a white thermal shirt, had been wearing a camouflage jacket.

9

Joseph does not object to the Court of Appeal's statement of the facts. Further, the record does not support his objection to the magistrate judge's recommendation that counsel did not render deficient performance. The state court record indicates that the trial court held a hearing on a motion to suppress evidence and a determination of probable cause to arrest. St. R., Vol. I, Minute Entry, May 29, 1998. Although Joseph contends that his counsel did not pursue the matter, Joseph's counsel was present at the two-day hearing and participated in the examination of the witnesses. St. R., Vol. I, Motion Hearing May 8 and 29, 1998. Officer Laroche testified that he gave other police units a detailed description of the men who ran from the stolen vehicle and the direction in which they were running. St. R., Vol. I, Hearing Transcript, May 8, 1998. Other officers pursued the two men and, approximately ten minutes later, apprehended them after an informant reported seeing them "ducking in and out of bushes" in the area near the bus route. St. R., Vol. I, Hearing Transcript, May 8, 1998. The trial court found probable cause to arrest and denied the motion to suppress the evidence and identification of the defendants. St. R., Vol. I, Minute entry and Hearing Transcript, May 29, 1998.

Based on the totality of the circumstances, Joseph has not demonstrated that counsel rendered deficient performance with regard to a Fourth Amendment challenge. His objection to the magistrate judge's report and recommendation on this ground is overruled.

### III. CONCLUSION

Joseph has not demonstrated that the state court's decisions regarding his ineffective assistance of counsel claims were contrary to or involved an unreasonable application of clearly established federal law. Accordingly, his application for federal *habeas corpus* relief is

dismissed with prejudice.

        New Orleans, Louisiana, this  9th  day of January, 2006.

        _____
           **MARY ANN VIAL LEMMON**
          **UNITED STATES DISTRICT JUDGE**