UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-728** |
| **BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY** | **SECTION: "S"(3)** |

### REPORT AND RECOMMENDATION

On May 3, 2006, the United States Fifth Circuit Court of Appeals remanded this matter to this Court for a determination of whether petitioner's *pro se* notice of appeal was timely filed. Rec. Doc. 28. The Court of Appeals noted that the notice of appeal would be considered timely filed if it was deposited in the prison's internal mail system on or before February 9, 2006. The United States District Judge referred this matter to the undersigned United States Magistrate Judge. Rec. Doc. 29.

Petitioner was ordered to file with this Court an affidavit stating when he delivered the notice of appeal to prison authorities for mailing. Rec. Doc. 30. Petitioner has complied with that order, filing an affidavit in which he states:

> I Gerald Joseph, swear under the penalty of perjury that all the herein said is true to the best of my knowledge. On February 6, 2006, I deposited my notice of appeal in the institution's internal mail system.

Rec. Doc. 31.

This Court has no reason to doubt the veracity of that affidavit. Moreover, the Court notes that the notice of appeal was in fact dated February 6, 2006, and was received by this Court

in an envelope bearing a postage meter stamp, presumably applied by prison officials, which appears to be dated February 7, 2006.

Additionally, the respondent was also advised to file with this Court any evidence it wished the Court to consider on this issue. Rec. Doc. 30. The respondent has filed no such evidence.

Considering the foregoing, the undersigned finds that petitioner's notice of appeal was timely filed on February 6, 2006.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that petitioner's notice of appeal be held to be timely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __29th__ day of June, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**